IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

R.A., a minor, by and through his
Guardians Ad Litem, ROSHELLE A.
and KENNETH A.,

        Plaintiffs,                No. CIV S-11-0080 KJM DAD

    vs.

AMADOR COUNTY UNIFIED SCHOOL
DISTRICT and AMADOR COUNTY
OFFICE OF EDUCATION,

        Defendants.              <u>ORDER</u>

                                           /

        On May 11, 2011, the court heard argument on defendants' motion to dismiss.
Defendants were represented by Hans Gillinger, Gibeaut, Mahan and Briscoe; plaintiffs were
represented by Diana B. Glick, Ruderman & Knox, LLP.

I.     <u>Background</u>

        According to the complaint, R.A. was born on May 18, 2006.  Compl. ¶ 24.  On
May 12, 2009, Amy K. Brown, Ph.D., on referral from the Valley Mountain Regional Center,
assessed R.A. and diagnosed him with autism.  *Id*. ¶¶ 25–27.  He receives services from the
Regional Center.  *Id*. ¶¶ 8, 25.

During April and May 2010, personnel working for the defendant, Amador County School District (District), conducted an assessment of R.A. and concluded he was ineligible for special education as a student with autism.  *Id*. ¶¶ 32–34.  A later assessment administered by the District, consisting of ratings scales for parents to provide responses, yielded a score suggesting it is "very likely" that R.A. is a child with autism; these scores were not included with the assessment report.  *Id*. ¶¶ 35–36, 43–46.

In June 2010, the plaintiffs filed a special education complaint against defendants, seeking an order finding that the District failed to properly assess R.A.  *Id*. ¶ 12.  On August 16 and 20, 2010, R.A.'s parents, Roshelle and Kenneth A., paid for private speech, language, and occupational therapy assessments for R.A.  *Id*. ¶¶ 40, 47.  An administrative hearing held on August 31 and September 1, 2010 considered whether the District's evaluation was proper and if the plaintiffs were entitled to reimbursement for the cost of the independent evaluations conducted earlier in the month.  *Id*. ¶¶ 12–13.  The plaintiffs did not seek a determination that the District had denied R.A. a free appropriate public education (FAPE).  ECF No. 9 at 2 n.2.  The Administrative Law Judge (ALJ) issued a written opinion on October 19, 2010 denying the plaintiffs' claims and concluding that the District properly evaluated R.A. in all areas of suspected need.  Compl. ¶¶ 14–15.

Plaintiffs filed the instant suit on January 7, 2011 under the Individuals with Disability Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*.  *Id*. ¶¶ 6, 11.  Defendants filed this motion to dismiss and motion to strike on May 4, 2011.  ECF No. 15.

II.      <u>Motion To Dismiss</u>

A.      Standards

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss a complaint for failure to state a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  The court must accept all factual allegations pleaded in the complaint as true and construe them and draw all reasonable inferences in favor of the nonmoving party.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not, however, accept "legal conclusions" as true.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.*  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Leave to amend should be granted unless the defect is not curable by amendment. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003).  A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 U.S. 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

B.     Analysis

The impetus behind the IDEA (and its predecessor, the Education of the Handicapped Act) was to provide full educational opportunities to disabled children and to ensure that the rights of children with disabilities and their parents are protected.  *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 523 (2007); *Bd. Of Educ. v. Rowley*, 458 U.S. 176, 179–80

1 (1982).  An autistic child may be deemed a "child with a disability" if he "by reason, thereof,

2 needs special education and related services."  20 U.S.C. § 1401(3).  The ultimate goal is a free

3 appropriate public education (FAPE), tailored to the needs of the particular child by means of an

4 individualized educational program (IEP).  *Winkelman*, 550 U.S. at 524; 20 U.S.C. § 1401(14).

5 A parent of a "child with a disability" has the right to an independent educational evaluation

6 (IEE) at public expense if the parent disagrees with an evaluation conducted by a public agency

7 and requests one from the agency.  20 U.S.C. § 1415(b)(1); 34 C.F.R. §§ 300.502(a), (b)(1)–(2).

8        The IDEA provides "extensive procedural requirements" and gives parents the

9 right to bring a complaint "with respect to any matter relating to the identification, evaluation, or

10 educational placement of the child, or the provision of a [FAPE] . . . ."  20 U.S.C.

11 § 1415(b)(6)(A); *Rowley*, 458 U.S. at 182.  Any such complaint must be resolved at an impartial

12 due process hearing.  20 U.S.C. §§ 1415(b)(6), (f)(1)(A); *Rowley*, 458 U.S. at 183.  At a hearing

13 based upon procedural violations:

14            a hearing officer may find that a child did not receive a free
             appropriate public education only if the procedural inadequacies
15           —

16            (I)   impeded the child's right to a [FAPE];

17            (II)  significantly impeded the parent's opportunity to
             participate in the decisionmaking process regarding the
18           provision of a [FAPE] to parents' child; or

19            (III) caused a deprivation of educational benefits.

20 20 U.S.C. § 1415(f)(3)(E)(ii); *Winkelman*, 550 U.S. at 525.  After the hearing:

21            Any party aggrieved by the findings and decision made under
             subsection (f) . . . shall have the right to bring a civil action with
22           respect to the complaint presented pursuant to this section . . . .

23 29 U.S.C. § 1415(i)(2)(A).  Accordingly, "[t]he complaint, and therefore the civil action, may

24 concern 'any matter relating to the identification, evaluation, or educational placement of the

25 child, or the provision of a [FAPE] to such child.'"  *Rowley*, 458 U.S. at 204–05.  In every IDEA

26

4

1    action, then, the court must examine whether the aggrieved party and the school district have

2    complied with the IDEA's procedures.  *See id.* at 206–07.

3           Defendants argue that the plaintiffs cannot state a claim because R.A. has not

4    been identified as disabled, which they contend is a prerequisite to any relief under the IDEA.

5    Defendants further argue that dismissal is warranted because the plaintiffs did not inform the

6    District of their dissatisfaction with R.A.'s assessment.  Plaintiffs counter that they are entitled to

7    the IDEA's procedural protections even though the District has not identified R.A. as disabled

8    and because R.A. was previously diagnosed with autism.  Plaintiffs further argue that the District

9    was properly notified of their dissatisfaction with R.A.'s assessment when the plaintiffs filed

10   their due process complaint in June 2010.

11          (1)     Challenge to the Assessment

12          Defendants' initial argument - that a finding of disability is a prerequisite to a

13   claim under the IDEA - is akin to the "zone of interests" test under the Administrative

14   Procedures Act (APA).  *See Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153

15   (1970) ("the interest sought to be protected by the complainant [must be] arguably within the

16   zone of interests to be protected or regulated by the statute . . . in question.").  According to this

17   argument, because the IDEA is intended to protect the interests of disabled children, the Act's

18   procedural rights extend only to a disabled child or challenges to an ineligibility determination.

19          Because the focus of the IDEA is on the provision of a FAPE, much of the case

20   law discusses the impact of procedural violations on this basic component of the statute.  For

21   example, in *R.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932 (9th Cir. 2007), a parent

22   challenged the composition of the IEP team assembled to evaluate her child's education.  The

23   court observed that "[a] child ineligible for IDEA opportunities in the first instance cannot lose

24   those opportunities merely because a procedural violation takes place."  *Id.* at 942.  In that case,

25   however, the parent contended that the improperly constituted IEP team "in and of itself, denied

26   R.B. a [FAPE]."  *Id.*; *see also Ford v. Long Beach Unified Sch. Dist.*, 291 F.3d 1086, 1089

(9th Cir. 2002) ("not all procedural flaws require a finding of denial of IDEA rights"); *Janet G. v. Haw. Dept. Of Educ.*, 410 F. Supp. 2d 958, 967 (D. Haw. 2005) (no challenge to failure to provide a FAPE when parents did not suggest that child was eligible for services under the IDEA).

Defendants cite a number of cases in support of their argument that a disability finding or a challenge to its rejection are prerequisites to the plaintiffs' cause of action in this case. These cases generally concern the failure to exhaust a FAPE claim, which may or may not accompany other claims under the IDEA. *See, e.g.*, *Loch v. Bd. of Educ.*, 573 F. Supp. 2d 1072 (S.D. Ill. 2008) (parents could not avoid IDEA exhaustion by changing focus of complaint), *aff'd*, 327 Fed. Appx. 647 (7th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S. Ct. 1736 (2010); *Lindsley v. Girard Sch. Dist.*, 213 F. Supp. 2d 523, 555 (W.D. Penn. 2002) (plaintiff could not avoid IDEA exhaustion by filing § 1983 action). Defendants have provided no authority holding that a claim that does not attack the denial of a FAPE must be anchored to a finding that the child is disabled. They provide only one case that addresses the issue even obliquely: in a footnote a district court "assume[d] that plaintiffs challenge M.'s classification under the IDEA and that, therefore, M. has standing to bring an IDEA claim." *See M.M. v. Tredyffrin/Easttown Sch. Dist.*, 2006 WL 2561242, at *6 n.5 (E.D. Pa. Sept. 1, 2006). This court declines to rely on that footnote to read a requirement into the statute.

Plaintiffs argue that their position is supported by the structure of the statute itself and by the case of *Pasatiempo v. Aizawa*, 103 F.3d 796 (9th Cir. 1996). In *Pasatiempo*, parents challenged Hawaii's procedures for referring students for evaluation under the IDEA and the Rehabilitation Act. *Id.* The Ninth Circuit rejected the defendant Department's argument that procedural protections applied only when the Department, rather than the parents, suspected that a child was disabled, concluding:

/////

/////

> When a parent suspects his or her child is disabled and requests an
> evaluation, that suspicion should be sufficient to place any
> subsequent action or inaction taken with respect to that request
> within the ambit of the IDEA and § 504.

*Id*. at 803; *accord Kruvant v. Dist. of Columbia*, 2005 WL 3276300, at *9 (D.D.C. Aug. 10,

2005).  Plaintiffs' suspicion of R.A.'s disability, and the District's completion of an evaluation of

R.A. for a disability determination, is sufficient to bring plaintiffs' claims within the "ambit of

the IDEA . . . ."  *Pasatiempo*, 103 F.3d at 803.

Defendants also argue that plaintiffs have failed to exhaust administrative

remedies under the IDEA because they did not challenge the District's denial of eligibility for a

FAPE.  Plaintiffs counter that they have fully exhausted their assessment claim and so may

proceed to this court.

Before a party "seeking relief . . . available" under the IDEA may file suit, he

must exhaust administrative remedies.  20 U.S.C. § 1415(l).  In *Payne v. Peninsula Sch. Dist.*,

653 F.3d 863, 871 (9th Cir. 2011) (en banc), *cert. denied*, ___ S.Ct. ___, 2012 WL 538336 (Feb.

21, 2012), the Ninth Circuit held that "[t]he IDEA's exhaustion requirement applies to claims

only to the extent that the relief actually sought by the plaintiff could have been provided by the

IDEA."

In this case, the plaintiffs were aggrieved by the alleged inadequacy of R.A.'s

disability evaluation.  Plaintiffs then brought their complaint to a due process hearing before an

ALJ, who had the authority to require the District to complete additional assessments of R.A.

20 U.S.C. §§ 1415(b)(6), (f)(1)(A) (an aggrieved party can request an impartial due process

hearing on "any matter relating to the identification [or] evaluation of a child . . .").  Having lost,

the plaintiffs' remedy under the IDEA is to file this suit.  *Id*. § 1415(i)(2)(A).  Accordingly, the

relief sought could have been provided by the administrative process created to implement the

IDEA.  This court finds that the plaintiffs have sufficiently pled their claims challenging the

adequacy of the ALJ's decision.

1           (2)     Notice for Request for IEEs at Public Expense

2         The IDEA allows parents to request an IEE at public expense if they disagree

3 with the school district's assessment.  43 C.F.R. §§ 300.502(b)(1)–(2).  The parties dispute

4 whether the plaintiffs properly notified the District of their disagreement with R.A.'s assessment

5 or whether the plaintiffs properly requested an IEE at public expense.  Defendants cite to a

6 number of cases where parents were precluded from a reimbursement award for an IEE due to

7 the failure properly to notify the local educational agency.  *See, e.g.*, *R.H. v. Fayette Cnty. Sch.*

8 *Dist.*, 2009 WL 2848302 (N.D. Ga. Sept. 1, 2009).  Plaintiffs counter that the filing of their due

9 process complaint was sufficient, particularly in light of the fact that no required procedures are

10 defined by the IDEA.  Neither party cites any controlling authority that squarely addresses this

11 issue.

12         In *R.H.*, the district court construed the plain language of § 300.502 to require

13 parents to make a request for an IEE from the public agency.  *Id*. at *3.  Consequently, the court

14 simply denied plaintiff's request for reimbursement because "there [was] no evidence that

15 plaintiff ever *requested* an IEE."  *Id*. (emphasis added).  This court finds *R.H.* persuasive.  Thus,

16 to support a request for reimbursement for the costs of the IEEs, the plaintiffs must state

17 sufficient facts in the complaint to allege that they actually *requested* an IEE from the District.

18         Plaintiffs intimate in their opposition to this motion that they made their

19 disagreement known and properly requested the District provide an IEE.  Opp'n to Mot. To

20 Dismiss at 11:5–17.  However, a review of the plaintiffs' complaint finds no factual statements

21 sufficient to allege that the plaintiffs properly requested an IEE from the District.  Given that the

22 plaintiffs appear to have some ability to allege such facts, the defendants' motion to dismiss is

23 GRANTED with leave to amend, subject to Federal Rule of Civil Procedure 11.

24 III.    <u>Motion To Strike</u>

25         Defendants request the court strike from the complaint, as impertinent, three

26 claims for relief: (1) a full, independent psycho-educational assessment; (2) reimbursement for

1  the costs of the August 2010 IEEs; and (3) attorney's fees.  A motion to strike is proper if the

2  allegations in the pleading can be characterized as any of the following: (1) an insufficient

3  defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.  FED. R. CIV. P. 12(f).

4  A matter is "impertinent" if it "consists of statements that do not pertain, and are not necessary,

5  to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd*

6  *on other grounds*, 510 U.S. 517 (1994); *Jackson v. Board of Equalization*, 2011 WL 3814537 at

7  *14 (E.D Cal. Aug. 26, 2011), *recommendation adopted* 2011 WL 4766633 (E.D. Cal. Sep. 29,

8  2011).  A motion to strike "should not be granted unless it is clear that the matter to be stricken

9  could have no possible bearing on the subject matter of the litigation."  *Lilley v. Charren*, 936 F.

10  Supp. 708, 713 (N.D. Cal. 1996).

11          Because the claims require determination of the rights and responsibilities of

12  parents and agencies under the IDEA, which is at issue in this litigation, it cannot be said that "it

13  is *clear* that the matter . . . could have no possible bearing on the subject matter of the litigation."

14  Defendants' motion to strike is DENIED.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.      Defendants' April 4, 2011 motion to dismiss is GRANTED in part and

17  DENIED in part;

18          2.      Plaintiffs may file a first amended complaint within twenty one days of

19  the date of this order; and

20          3.      Defendants' April 4, 2011 motion to strike is DENIED.

21  DATED:  March 9, 2012.

22

23  _____

24  UNITED STATES DISTRICT JUDGE

25

26